### 11647

### BAXTER v. EARLY

#### (127 S. E., 607)

1. WILLS—WORD "ISSUE" IS WORD OF LIMITATION, AND NOT OF PURCHASE.—Word "issue" is word of limitation, and not of purchase.

2. WILLS—DEVISE OF REALTY TO DAUGHTER FOR HER LIFE, AND, AT HER DEATH, TO HER BODILY ISSUE, HELD TO CONVEY CONDITIONAL FEE.—Devise of realty to testatrix' daughter for "term of her natural life, and, at her death, to her bodily issue," *per stirpes* and not *per capita*, with direction that, should such daughter die without leaving issue living at time of death, then property should go to another named person, *held* to convey a fee conditional, which, on birth of issue, the daughter could convey in fee simple.

Before FEATHERSTONE, J., Orangeburg, Spring, 1924. Affirmed.

Action by Mrs. Maude T. Baxter against T. E. Early. From a decree for plaintiff, defendant appeals.

The following is the decree of the lower Court, on which Supreme Court bases its decision:

This matter comes before me upon an agreed statement of the facts of the case, and attorneys for both parties have agreed that I hear and determine the same at St. Matthews, in the First Judicial Circuit.

The sole question before me is the construction of the will of Mrs. Adeline Smoak. If the plaintiff took a fee conditional in the property devised under the fifth paragraph, then she can convey a good title in fee simple to the defendant, and he should be required to specifically perform his contract. If, however, the plaintiff, under said devise, took only a life estate, then the defendant should not be required to perform his contract.

Note: On meaning of word "issue" where used as a word of purchase, see notes in 2 A. L. R., 930; 5 A. L. R., 195.

On conveyance of fee by devise to one and his or her child or children, see note in 4 L. R. A. (N. S.), 948.

The word "issue" is a word of limitation and not of purchase. See *Whitworth v. Stuckey,* 1 Rich. Eq., 404. *McIntyre v. McIntyre,* 16 S. C., 290. *Williams v. Gause,* 83 S. C., 267; 65 S. E., 241. This being the case, the plaintiff took a fee conditional upon having "issue," unless there are other words superadded which show that children are meant instead of an indefinite line of descent.

This item of the will might be divided into three clauses, thus:

(1) The real estate to be held, used and enjoyed by her for and during the term of her natural life, and at her death I give and devise the same to the bodily issue of said Maud T. Baxter.

(2) Such issue to take *per stripes* and not *per capita.*

(3) But in case said Maude T. Baxter shall die without leaving issue living at the time of her death, then I give and devise said real estate to said Addie Bennett and the issue of her body forever.

The words used in the first clause create a fee conditional in the first taker, Maude T. Baxter. *Whitworth v. Stuckey,* 1 Rich. Eq., 404. *McIntyre v. McIntyre,* 16 S. C., 290. *Simms v. Buist,* 52 S. C., 554; 30 S. E., 400. *Surles v. McLaurin,* 94 S. E., 308; 77 S. E., 944. *Farmer v. Corley,* 103 S. C., 202; 88 S. E., 23. *Allen v. Brownlee,* 110 S. C., 531; 96 S. E., 615.

The words in the second clause are not repugnant to this view, as words of similar import were held not to restrict the meaning of the word "issue" in the case of *Simms v. Buist,* 52 S. E., 554; 30 S. E., 400, and *Davenport v. Eskew,* 69 S. C., 292; 48 S. E., 223; 104 Am. St. Rep., 798, where it was held that the words refer to the quantity of the estate and not the quality.

The third clause being contained in the limitation over has no bearing in the construction of the direct gift. *Whitworth v. Stuckey,* 1 Rich. Eq., 404. *Graham v. Moore,* 13 S. C., 115. *Bethea v. Bethea,* 48 S. C., 440; 26 S. E., 716.

*Surles v. McLaurin,* 94 S. C., 308; 77 S. E., 944. *Allen v. Brownlee,* 110 S. C., 531; 96 S. E., 615. The Court, referring to a similar clause there under construction, said: "The third clause is irrelevant."

From the foregoing authorities, I conclude that Mrs. Maude T. Baxter took a fee conditional under the will of Mrs. Smoak, and, as she now has living issue, can convey a good title in fee simple to the defendant.

It is ordered that the defendant specifically perform his contract with the plaintiff.

*Messrs. Brantley & Zeigler,* for appellant, cite: 1 Strob. Eq., 344; 3 Rich. Eq., 559; 4 Rich. Eq., 421; 16 S. C., 290; 23 S. C., 42; 28 S. C., 486.

*Mr. J. Wesley Crum,* for respondent, cites: 52 S. C., 554; 69 S. C.; 292; 1 Rich. Eq., 404; 96 S. E., 615.

April 24, 1925.

The opinion of the Court was delivered by MR JUSTICE FRASER.

The decree of Judge Featherstone is satisfactory to this Court, and is affirmed for the reasons therein stated.

MR. JUSTICE WATTS concurs.

MR. JUSTICE MARION concurs in result.

MR. CHIEF JUSTICE GARY did not participate.

MR. JUSTICE COTHRAN, (dissenting): In my opinion Maude Baxter took under the will only a life estate with remainder as declared in the fifth paragraph. See authorities cited by me in *Strother v. Folk,* 123 S. C., 127; 115 S. E., 605.